UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAULER'S FACILITY LLC, SYRACUSE HAULERS WASTE REMOVAL, INC., 6259 THOMPSON ROAD LLC, LENNOX INDUSTRIES, INC., METALICO NEW YORK, INC., METALICO SYRACUSE REALTY, INC., NORTHERN INDUSTRIAL HOLDINGS LLC, ONX1 LLC, SYRACUSE DEERE ROAD ASSOCIATES, SYRACUSE LEPAGE LLC, THOMPSON NW LLC, THOMPSON LAWN LLC, THOMPSON CORNERS LLC, NOKIA OF AMERICA CORPORATION, VERIZON NEW YORK, INC., and B&B FAMILY LIMITED PARTNERSHIP,

    Defendants.

**COMPLAINT**

Civil No. 25-cv-_____

5:25-cv-1551 (DNH/ML)

---

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of and the Regional Administrator of the U.S. Environmental Protection Agency ("EPA"), Region 2, alleges as follows:

## NATURE OF THE ACTION

1. In this action, the United States seeks, under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") from the defendants in this action reimbursement of costs incurred by EPA for response actions at the "Upper Ley Creek Operable Unit" ("Operable Unit") of the "Onondaga Lake Superfund Site."

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the defendants under 28 U.S.C. §§ 1331 and 1345 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

3. Venue is proper in this judicial district for the claims pursuant to 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Operable Unit is located in this district.

## DEFENDANTS

4. Defendant Hauler's Facility LLC is a limited liability company organized under the laws of the State of New York, with a designated service address of 6223 Thompson Road, Suite 1000, Syracuse, New York 13206.

5. Defendant Syracuse Haulers Waste Removal, Inc., is a New York corporation doing business in the State of New York, with a designated service address of 6223 Thompson Road, Suite 1000, Syracuse, New York 13206.

6. Defendant 6259 Thompson Road LLC is a New York limited liability company doing business in the State of New York, with a designated service address of 6223 Thompson Road, Suite 1000, Syracuse, New York 13206.

7. Defendant Northern Industrial Holdings LLC is a Delaware corporation with a service address at Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901.

8. Hauler's Facility and 6259 Thompson Road are owners of, Syracuse Haulers Waste Removal is the operator of, and Northern Industrial Holdings is the former owner of a

parcel at 6259 Thomspon Road in Dewitt, New York. This parcel is in the vicinity of and adjacent to streams that flow to the Operable Unit. An aluminum smelting facility known as the Oberdorfer facility was formerly operated at the 6259 Thompson Road parcel.

9. Hauler's Facility is the owner of and Syracuse Haulers Waste Removal is the operator of a parcel at 6223 Thompson Road in Dewitt, New York. This parcel is in the vicinity of and adjacent to streams that flow to the Operable Unit. A scrap metal smelting facility known as the Roth Brothers facility was formerly operated at the 6223 Thompson Road parcel.

10. Defendant Lennox Industries, Inc., is a Delaware corporation doing business in the State of New York, with principal offices located at 2140 Lake Park Blvd., Richardson, Texas 75080. Lennox Industries is the former owner of a parcel at 400 North Midler Avenue in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to the Operable Unit. A furnace manufacturing facility known as the Lennox facility was formerly operated at this parcel.

11. Defendant Metalico Syracuse Realty, Inc., is a business corporation organized under the laws of the State of New York, with offices at 6225 Thompson Road, Syracuse, New York 13206.

12. Defendant Metalico New York, Inc. is a business corporation organized under the laws of the State of New York, with principal offices located at 135 Dermody Street, Cranford, New Jersey 07016.

13. Metalico Syracuse Realty owns and Metalico New York operates a parcel at 6225 Thompson Road in Dewitt, New York. The parcel is in the vicinity of and adjacent to a stream that flows to the Operable Unit. The Roth Brothers smelting facility was formerly operated at the 6225 Thompson Road parcel.

3

14. Defendant ONX1 LLC is a Delaware limited liability company doing business in the State of New York, with a designated service address of 127 W. Fairbanks Avenue #410, Winter Park, Florida 32789. ONX1 owns a parcel at 6600 New Venture Gear Drive, DeWitt, New York, in the vicinity of and adjacent to a stream that flows to the Operable Unit. An automobile parts manufacturing facility known as the New Venture Gear/Chrysler facility was formerly operated at the New Venture Gear Drive parcel.

15. Defendant Syracuse Deere Road Associates is a Delaware limited liability company doing business in the State of New York, with a designated service address of 80 State Street, Albany, New York 12207. Syracuse Deere Road owns a parcel on Deere Road in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to the Operable Unit. A radar and sonar manufacturing facility known as the General Electric Court Street facility was formerly operated at this Deere Road parcel.

16. Defendant Syracuse Lepage LLC is a limited liability corporation organized under the laws of the State of New York, with an office address at 1 Lepage Place, Syracuse, New York 13206. Syracuse Lepage own a parcel at One Lamson Street in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to the Operable Unit. A centrifugal blower and exhauster manufacturing facility known as the Lamson facility was formerly operated at this Lamson Street parcel.

17. Defendant Thompson Lawn LLC is a limited liability company organized under the laws of the State of New York, with a designated service address of 7050 Cedarbay Road, Fayetteville, New York 13066.

18. Defendant Thompson NW LLC is a limited liability company organized under the laws of the State of New York, with a designated service address of 7050 Cedarbay Road, Fayetteville, New York 13066.

19. Defendant Thompson Corners LLC is a limited liability company organized under the laws of the State of New York, with offices at 6225 Thompson Road, Syracuse, New York 13206.

20. Thompson Lawn owns and Thompson NW and Thomspon Corners are former owners of a parcel at 6215 Thompson Road in Dewitt, New York in the vicinity of and adjacent to a stream that flows to the Operable Unit. The Roth Brothers smelting facility was formerly operated at the 6215 Thompson Road parcel.

21. Defendant Nokia of America Corporation is a Delaware corporation doing business in the State of New York, with principal offices located at 600 Mountain Ave, Murray Hill, New Jersey 07974.

22. Defendant Verizon New York, Inc., is a Delaware corporation doing business in the State of New York, with principal offices located at 140 West Street, 20th Floor, New York, New York 10007.

23. Verizon New York owns and Nokia of America is the former owner of a parcel at 6360 Thompson Road in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to the Operable Unit. A repair and reconditioning facility known as the Western Electric facility was formerly operated at the 6360 Thompson Road parcel.

24. B&B Family Limited Partnership (B&B) is a partnership with an address of P.O. Box 420, Solvay Road, Jamesville, New York 13078. B&B owns two parcels at 6439 and 6545 Deere Road in Dewitt, New York. General Electric Aerospace operated a facility there from

5

1956 to 1991 manufacturing radar and sonar equipment. GE's building is referred to as "GE Court Street No. 5."

25.     Each of the defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE STATUTORY FRAMEWORK

26.     CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

27.     Under section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

28.     For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority. In EPA Region 2, this authority has been further delegated to the Director of the Superfund and Emergency Response Division.

29.     Under sections 107(a)(1), (2) and (3) of CERCLA, 42 U.S.C. §§ 9607(a)(1), (2) and (3):

6

> [T]he owner and operator of . . . a facility, any person who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed of, [and] any person … who by contract, agreement, or otherwise arranged for disposal … of hazardous substances owned or possessed by such person … at any facility … owned or operated by another party or entity and containing such hazardous substances … shall be liable for … all costs of removal or remedial action incurred by the United States Government … not inconsistent with the national contingency plan …

30. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the court shall enter a declaratory judgment on liability for response costs that will be binding on any subsequent action or actions to recover further response costs.

## GENERAL ALLEGATIONS

31. The Operable Unit is located in Salina and Dewitt, Onondaga County, New York.

32. The Operable Unit includes a 1.7-mile portion of Ley Creek that is between the Town Line Bridge in Dewitt and the Route 11 Bridge in Salina. This portion of Ley Creek is known as Upper Ley Creek. The Operable Unit includes Upper Ley Creek and its banks and adjacent wetlands and floodplains.

33. Industrial facilities, including smelters and manufacturers, were operated at each of the properties owned, operated, or formerly owned by the defendants. During the course of these operations, hazardous substances including polychlorinated biphenyls, volatile and semi-volatile organic compounds such benzene, ethylbenzene, xylene, and/or heavy metals such as chromium, copper, lead, nickel, and zinc were spilled onto the facilities' soils, and then were transported via adjacent ditches and creeks to the Operable Unit. The hazardous substances spilled onto each of these properties' soils have continued to migrate from the properties to the Operable Unit during the times that the Defendants owned or operated their properties.

34. The Operable Unit is contaminated with PCBs, benzene, ethylbenzene, xylene, chromium, copper, lead, nickel, and zinc among other hazardous substances.

7

35. PCBs, benzene, ethylbenzene, xylene, chromium, copper, lead, nickel, and zinc are "hazardous substances" within the meaning of section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

36. In December 1994, EPA placed the Operable Unit on the National Priorities List. The National Priorities List was established pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

37. EPA has conducted response actions and incurred costs regarding the Operable Unit. In 2015, EPA issued a "Record of Decision" ("ROD") in which it selected a remedy to be conducted at the Operable Unit. In September 2022 and April 2023, EPA issued two decision documents in which it modified the remedy selected in the 2015 ROD.

**Claim for Relief – Recovery of Past Costs**

38. Paragraphs 1 to 37 are realleged and incorporated herein by reference.

39. The Operable Unit is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

40. There have been releases, within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances, within the meaning of section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14), at or from the Operable Unit.

41. The United States has incurred costs of response, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Operable Unit.

42. The United States' response actions at the Operable Unit are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

43. Each defendant is within one or more of the classes of liable persons described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with respect to a facility from which there have been releases or threatened releases of hazardous substances to the Operable Unit.

44. Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), each defendant is jointly and severally liable to the United States for response costs regarding the Operable Unit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States respectfully requests that this Court: (i) enter judgment in favor of the United States under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each defendant jointly and severally liable for all response costs regarding the Operable Unit, including interest; (ii) enter a declaratory judgment that will be binding in any subsequent action for further response costs, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); (iii) award the United States its costs of this action; and (iv) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES:

Adam R.F. Gustafson
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

**MARK GALLAGHER**
Digitally signed by MARK GALLAGHER
Date: 2025.11.04 10:13:50 -05'00'

Mark A. Gallagher, Senior Lawyer
U.S. Department of Justice
Environmental and Natural Resources Division
Environmental Enforcement Section
Washington, DC  20044-7611
(202) 532-3321
mark.gallagher@usdoj.gov

JOHN A. SARCONE III
Acting United States Attorney
Northern District of New York


By:     /s/ Adam J. Katz
        Adam J. Katz
        Assistant United States Attorney
        Bar Roll No. 517894
        James T. Foley U.S. Courthouse
        445 Broadway, Room 218
        Albany, New York 12207
        Telephone: (518) 431-0247
        Fax: (518) 431-0386
        adam.katz@usdoj.gov