UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

HAULERS FACILITY LLC, *et al*.,

               Defendants.

---

Civil No. 5:25-CV-1551 DNH

**CONSENT DECREE**

**TABLE OF CONTENTS**

I.      BACKGROUND .................................................................................................3
II.     JURISDICTION AND VENUE ...........................................................................4
III.    PARTIES BOUND ..............................................................................................4
IV.     OBJECTIVES......................................................................................................4
V.      DEFINITIONS .....................................................................................................5
VI.     PAYMENT............................................................................................................8
VII.    DISMISSAL OF CLAIMS....................................................................................9
VIII.   FAILURE TO COMPLY WITH CONSENT DECREE ......................................10
IX.     COVENANTS BY UNITED STATES ...............................................................10
X.      COVENANTS BY SETTLING DEFENDANTS AND THE EPLET PARTIES ............................12
XI.     EFFECT OF SETTLEMENT; CONTRIBUTION...............................................12
XII.    RECORDS.........................................................................................................13
XIII.   NOTICES AND SUBMISSIONS .....................................................................15
XIV.    INTEGRATION .................................................................................................15
XV.     SIGNATORIES .................................................................................................16
XVI.    PUBLIC COMMENT AND ENTRY ..................................................................16

# I.    BACKGROUND

1.      This Consent Decree ("Decree") concerns the Ley Creek Deferred Media Operable Unit ("Site") of the Onondaga Lake Superfund Site in Salina and Dewitt, Onondaga County, New York, as the "Site" is more particularly defined below, and the Upper Reach of Ley Creek, as more particularly defined below.

2.      There have been releases or threats of releases of hazardous substances, as defined by section 101(14) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), at or from the Site.

3.      In response to these releases or threatened releases of hazardous substances, the United States Environmental Protection Agency ("EPA") has, under section 104 of CERCLA, performed response actions and has incurred response costs at the Site.

4.      The United States of America ("United States") filed on behalf of the Administrator of EPA a complaint in this matter under sections 107 and 113(g)(2) of CERCLA seeking recovery of response costs incurred regarding the Site from the Settling Defendants, as defined in ¶ 15, and a declaratory judgment on liability for future response costs.

5.      The United States alleges that:

    a.      The Site is a "facility" as defined by section 101(9) of CERCLA;

    b.      Each Settling Defendant arranged for disposal or treatment of a hazardous substance owned or possessed by such Settling Defendant at the Site; and

    c.      Each Settling Defendant is a responsible party under section 107(a) of CERCLA and is jointly and severally liable for response costs regarding the Site.

6.      Settling Defendants do not admit to any liability arising out of the transactions or occurrences alleged by the United States.

7.      Prompt settlement with Settling Defendants is practicable and in the public interest.

8.      The EPLET Parties, as defined below, assert that they have incurred more than $14 million in response costs in connection with investigating and remediating portions of the Site. In 2018 the EPLET Parties sued the Settling Defendants in the EPLET Matter, as defined below, seeking recovery of a portion of the costs that they assert they have incurred at the Site and contribution for additional costs of investigation and remediation under sections 107 and 113 of CERCLA. Settling Defendants have asserted counterclaims in the EPLET Matter under section 113 of CERCLA.

9.      The EPLET Parties' participation in this matter is necessary to effectuate a complete resolution of this matter and is a benefit to the United States.

10.      The United States, Settling Defendants, and the EPLET Parties agree, and this Court by entering this Decree finds, the following: (a) that this Decree has been negotiated by the Parties in good faith; (b) that settlement of this matter without further litigation and without any admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation among the Parties; and (c) that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED and DECREED:

## II.      JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331and 1345 and section 113(b) of CERCLA, and personal jurisdiction over the Parties. Venue lies in this District under section 113(b) of CERCLA and 28 U.S.C. §§ 1391(b) and 1395(a) because the Site is located in this judicial district. This Court retains jurisdiction over the subject matter of this action and over the Parties for the purpose of resolving disputes arising under this Decree, entering orders modifying this Decree, or effectuating or enforcing compliance with this Decree. Settling Defendants and the EPLET Parties agree not to challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

## III.      PARTIES BOUND

12.      This Decree is binding upon the United States, each Settling Defendant, and each EPLET Party, and upon each of their respective successors. Unless the United States otherwise consents, any change in ownership or corporate or other legal status of any Settling Defendant or any EPLET Party, including any transfer of assets, does not alter Settling Defendants' or the EPLET Parties' obligations under this Decree.

13.      In any action to enforce this Decree, Settling Defendants and the EPLET Parties may not raise as a defense the failure of any officer, director, employee, agent, contractor, subcontractor, or any other person representing a Settling Defendant or EPLET Party to take any action necessary to comply with this Decree. Settling Defendants and the EPLET Parties shall provide notice of this Decree to each person representing them with respect to the Site and their obligations under this Decree.

## IV.      OBJECTIVES

14.      The objective of the Parties in entering into this Decree is for each Settling Defendant to make a cash payment to resolve their alleged civil liability regarding the Site under sections 106 and 107 of CERCLA, subject to the Covenants and Reservations in

Sections IX and XI, and for the EPLET Parties and Settling Defendants to dismiss with prejudice all claims against each other in the EPLET Matter.

## V.    DEFINITIONS

15.    Terms not otherwise defined in this Decree shall have the meanings assigned in CERCLA or in regulations promulgated under CERCLA. Whenever the terms set forth below are used in this Decree, the following definitions apply:

"CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" or "Decree" means this Consent Decree and its appendixes.

"Day" or "day" means a calendar day. In computing any period under this Decree, the day of the event that triggers the period is not counted, and where the last day of the period is not a working day, the period runs until the close of business of the next working day. "Working day" means any day other than a Saturday, Sunday, or federal or State holiday.

"DOJ" means the United States Department of Justice.

"Effective Date" means the date upon which the Court's approval of this Decree is recorded on its docket.

"EPA" means the United States Environmental Protection Agency and any successor agency or department.

"EPLET Parties" means EPLET, LLC, Revitalizing Auto Communities Environmental Response ("RACER") Trust, and RACER Properties LLC.

"EPLET Matter" means the lawsuit filed by the EPLET Parties against Settling Defendants, among others, in the U.S. District Court for the Northern District of New York, captioned *EPLET, et al. v. National Grid USA, et al.*, Case No. 5:18-cv-01267.

"Fund" means the Hazardous Substance Superfund established by section 9507 of the Internal Revenue Code.

"GM-IFG Subsite" means the General Motors-Inland Fisher Guide Subsite of the Onondaga Lake Superfund Site, which includes two operable units, Operable Unit 1 (the former General Motors IFG facility property), and Operable Unit 2 (the Ley Creek Deferred Media Operable Unit).

"Including" or "including" means "including but not limited to."

"Interest" means interest at the rate specified for interest on investments of the Fund, compounded annually on October 1 of each year, in accordance with section 107(a) of CERCLA. The applicable rate of interest will be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. As of the date of lodging of this Decree, rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"LCDM OU" means the Ley Creek Deferred Media Operable Unit of the Onondaga Lake Superfund Site, located in Salina and Dewitt, New York. The LCDM OU is also referred to as Operable Unit 2 of the GM-IFG Subsite and includes what is referred to as the Expanded Territory.

"LCDM ROD" means the March 2015 Record of Decision in which the selection of a remedy was memorialized for the LCDM OU.

"Lower Ley Creek Operable Unit" means the portion of Ley Creek from the eastern, upstream side of and under the Route 11 bridge downstream to the mouth of Ley Creek where it discharges into Onondaga Lake.

"Paragraph" or "¶" means a portion of this Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Party" or "Parties" means the United States, a Settling Defendant, or an EPLET Party or the United States, Settling Defendants, and the EPLET Parties, respectively.

"RCRA" means the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992k (also known as the Resource Conservation and Recovery Act).

"Section" means a portion of this Decree identified by a Roman numeral.

"Settling Defendants" means the parties identified in Appendix A. As used in this Decree, this definition means all Settling Defendants, collectively, and each Settling Defendant, individually.

"Site" means:

(a) All areas to be addressed in the remedy selected in the March 2015 LCDM ROD as modified and clarified under EPA's two Explanations of Significant Differences regarding that remedy, dated September 2022 and April 2023;

(b) Approximately 9,200 linear feet of Ley Creek between the eastern side of the Route 11 bridge and the western side of the Townline Road bridge, including the adjacent banks, floodplains, wetlands, and forested areas;

(c) A 10-acre wetland located on the northern portion of the National Grid property (sometimes referred to as the "National Grid Wetland") that is directly west of the former General Motors facility;

(d) The approximately 1.8-acre area located between the former General Motors facility's northern property boundary and Factory Avenue (sometimes referred to as the "Factory Avenue Area");

(e) The area located along the northern shoulder of Factory Avenue in the vicinity of LeMoyne Avenue (sometimes referred to as the "Factory Avenue/LeMoyne Avenue Intersection Area");

(f) The National Grid/Teall Avenue Substation access road (sometimes referred to as the "NG Access Road");

(g) The area north of Ley Creek bounded by Ley Creek to the south, the New York State Thruway to the north, Townline Road to the east, and LeMoyne Avenue to the west;

(h) The area south of Ley Creek from approximately the Town of Salina Highway Department Garage at 601 Factory Avenue to State Route 11 (aka Brewerton Road) between the Creek and Cambridge Avenue, Brown Avenue, and Factory Avenue;

(i) The residential areas, including the backyards of 19 residential properties on Brookline Road, located north of Ley Creek between LeMoyne Avenue and State Route 11 (a/k/a Brewerton Road); and

(j) To the extent that any Waste Material originating at or that was at any time located within the GM-IFG Subsite or areas (a)-(i), above, migrated or was otherwise moved (*e.g.*, by dredging), all areas onto which such Waste Material migrated or was moved, but not including the Lower Ley Creek Operable Unit, the SYW-12 Operable Unit of the Wastebed B/Harbor Brook Subsite of the Onondaga Lake Superfund Site, and the Lake Bottom Subsite of the Onondaga Lake Superfund Site.

"Special Account" means the special account, within the Fund, established for the Site by EPA under section 122(b)(3) of CERCLA.

"State" means the State of New York.

"State Costs" means all costs associated with remedial activities conducted at the Site (including direct, indirect, payroll, contractor, travel, laboratory costs, and interest) that the New York State Department of Environmental Conservation and the New York State Department of Health incur, including costs associated with developing, reviewing and approving deliverables regarding the Site and in overseeing the implementation of response actions at the Site.

"United States" means the United States of America and each department, agency, and instrumentality of the United States, including EPA.

"Upper Reach" means (i) the stretch of Ley Creek commencing on the western edge of and under the Townline Road bridge and its confluence with the North Branch of Ley Creek, including its adjacent banks and floodplains; and (ii) to the extent that any

Waste Material originating at or that was at any time located within the area described under (i) above, migrated or was otherwise moved (*e.g.*, by dredging), all areas onto which such Waste Material migrated or was moved, but not including the Lower Ley Creek Operable Unit.

"Waste Material" means (a) any "hazardous substance" under section 101(14) of CERCLA; (b) any pollutant or contaminant under section 101(33) of CERCLA; and (c) any "solid waste" under section 1004(27) of RCRA.

## VI.    PAYMENT

16. **Payments**.

   a.    Lump Sum Payments

   (1)    Plaintiff shall request that the Court establish an interest-bearing Court Registry Account ("CRA") under Fed. R. Civ. P. 67 for the purpose of holding funds to be paid under this settlement. Plaintiff shall, upon the establishment of the CRA, send a notice via email to each Settling Defendant listed in Appendix B ("Lump Sum Settler") that the CRA has been established. The notice shall include instructions for sending funds to the CRA. Each Lump Sum Settler shall acknowledge receipt of the notice via email and, within 15 days after the email notice has been sent, pay the amount specified for it in Appendix B to the CRA in accordance with Plaintiff's instructions. Each Lump Sum Settler shall send notice of its payment to DOJ and EPA in accordance with ¶ 38.

   (2)    **Payment to EPA:** After the Effective Date, upon and in accordance with the filing and approval of an appropriate motion by Plaintiff, the Court Clerk shall cause all funds in the CRA, less $200,000, to be paid to EPA.

   (3)    **Payment to the RACER Trust:** After the Effective Date, upon and in accordance with the filing and approval of an appropriate motion by Plaintiff, the Court Clerk shall cause $200,000 of the funds in the CRA to be paid to the RACER Trust.

   b.    **Installment Payments**.

   (1)    Each Settling Defendant listed in Appendix C ("Installment Payment Settler") shall pay the amount specified for it in Appendix C, plus interest as described in this Paragraph to EPA. Each Installment Payment Settler's payment shall be made in equal, consecutive quarterly payments, according to the number of and the amount of

installment payments specified for it in Appendix C. The first payment is due 30 days after the Effective Date and subsequent installment payments are due quarterly thereafter. Each Installment Payment Settler shall include with the first installment payment an additional amount for interest accrued at the rate of 4.4% per year on the total principal amount from the lodging date through the date of the first payment.

(2)     The FLU of the U.S. Attorney's Office for the Northern District of New York will provide to each Installment Payment Settler, in accordance with ¶ 38, instructions for making payments under this Section, including a CDCS reference number, and the additional amount for interest to be included with the first payment. Each Installment Payment Settler shall send notices of its payment to DOJ and EPA in accordance with ¶ 38.

(3)     If an Installment Payment Settler fails to make any payment required under ¶ 16.b by the due date, Plaintiff may send such settler a notice of late payment. If such settler fails to make the payment and to pay all interest and stipulated penalties owed within 30 days of receipt of the notice, or if the settler becomes the subject of a proceeding under the Bankruptcy Code, 11 U.S.C. § 101-1532, all remaining payments and all accrued interest will be due immediately. Interest will continue to accrue on any unpaid amounts until the Installment Payment Settler pays the total amount due. Interest required under this Paragraph is in addition to any stipulated penalties owed under ¶ 19.

c.     Each payment required under Appendixes B and C includes an amount for the following: (a) past response costs regarding the Site; (b) estimated future response costs regarding the Site; and (c) a premium in consideration of the risks avoided by participating in this Decree including the risk that actual total response costs incurred at or in connection with the Site and the Upper Reach will be more than EPA's estimate of total response costs regarding the Site and the Upper Reach.

17.     **Deposit of Payment**. EPA may deposit the amounts paid under ¶ 16 in the Fund and/or in the Special Account. Amounts deposited in the Special Account may be retained and used to conduct or finance response actions at or in connection with the Site or transferred by EPA to the Fund.

## VII.    DISMISSAL OF CLAIMS

18.     The EPLET Parties shall move or otherwise commence other appropriate action in the EPLET Matter within 12 business days after the Effective Date to dismiss with

prejudice all claims asserted by the EPLET Parties against Settling Defendants, and simultaneously the Settling Defendants shall dismiss with prejudice all counterclaims filed by Settling Defendants against the EPLET Parties in the EPLET Matter. Settling Defendants and the EPLET Parties shall take all steps necessary to achieve the dismissal with prejudice of their claims against each other.

## VIII.    FAILURE TO COMPLY WITH CONSENT DECREE

19.    If any amount due from any Settling Defendant under ¶ 16 (Payments) is not paid by the required date, that Settling Defendant shall pay to EPA as a stipulated penalty, $500 per day that such payment is late. The Settling Defendant shall make payment of any stipulated penalty that is due at https://www.pay.gov using the link for "EPA Miscellaneous Payments Cincinnati Finance Center," including references to the Site/Spill ID and DJ number listed in ¶ 38, and the purpose of the payment (*i.e.*, stipulated penalties). The Settling Defendant shall send a notice of any such payment of a stipulated penalty to DOJ and EPA. The payment of stipulated penalties and Interest, if any, does not alter any obligation by any Settling Defendant under the Decree.

20.    Stipulated Penalties will accrue in accordance with Paragraph 19 regardless of whether EPA has notified the Settling Defendant of a violation or made a demand for payment, but stipulated penalties must only be paid upon demand. If the United States brings an action to enforce this Decree, the affected Settling Defendant shall reimburse the United States for all costs related to such action, including the costs of attorney time. Payments made under this Section are in addition to any other remedies or sanctions available to the United States by virtue of any Settling Defendant's failure to comply with the requirements of this Decree.

21.    The United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued under this Decree.

## IX.    COVENANTS BY UNITED STATES

22.    **Covenants for Settling Defendants and the EPLET Parties**. Subject to ¶ 24, the United States covenants not to sue or to take administrative action under sections 106 and 107(a) of CERCLA (a) against Settling Defendants regarding the Site, OU1 of the GM-IFG Subsite, and the Upper Reach, and (b) against the EPLET Parties regarding the Site and the Upper Reach.

23.    The following apply to the covenants under ¶ 22: (a) they take effect on the Effective Date; (b) as to Settling Defendants, they are conditioned on the satisfactory performance by Settling Defendants of their requirements under the Decree; (c) as to the EPLET Parties, they are conditioned on the satisfactory performance by the EPLET Parties of their requirements under the Decree; (d) they extend to the successors of each Settling Defendant and EPLET Party but only to the extent that the alleged liability of the successor

of the Settling Defendant or EPLET Party is based solely on its status as a successor of the Settling Defendant or of the EPLET Party; and (e) they do not extend to any other person.

24. **General Reservations**. Notwithstanding any other provisions of this Decree, the United States reserves, and this Decree is without prejudice to, all rights against Settling Defendants and the EPLET Parties regarding the following:

a. liability for failure by a Settling Defendant or an EPLET Party, respectively, to meet a requirement of this Decree;

b. liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site, OU1 of the GM-IFG Subsite, or the Upper Reach;

c. liability of a Settling Defendant based on the ownership or operation at the Site, OU1 of the GM-IFG Subsite, or the Upper Reach by a Settling Defendant when such ownership or operation commences after such Settling Defendant signs this Decree, except where such ownership or operation is related to the provision of utility services, including but not limited to the construction, modification, maintenance, and/or removal of utility infrastructure, or access to same;

d. liability of an EPLET Party based on the ownership or operation at the Site or the Upper Reach by an EPLET Party when such ownership or operation commences after such EPLET Party signs this Decree;

e. liability of a Settling Defendant based on the Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site or the Upper Reach after such Settling Defendant signs this Decree;

f. liability of an EPLET Party based on the EPLET Party's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site or the Upper Reach after such EPLET Party signs this Decree;

g. as to the EPLET Parties only, liability arising from the past, present, or future disposal, release, or threat of release by the EPLET Parties of Waste Material within OU1 of the GM-IFG Subsite;

h. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

i. criminal liability.

## X.    COVENANTS BY SETTLING DEFENDANTS AND THE EPLET PARTIES

25.    **Covenants by Settling Defendants and the EPLET Parties**.

a.    Subject to ¶ 26, Settling Defendants and the EPLET Parties covenant not to sue and shall not assert any claim against the United States under CERCLA, section 7002(a) of RCRA, the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, the State Constitution, State law, or at common law regarding the Site, OU1 of the GM-IFG Subsite, and the Upper Reach.

b.    Subject to ¶ 26, Settling Defendants and the EPLET Parties covenant not to seek reimbursement from the Fund under CERCLA or any other law regarding the Site, the GM-IFG Subsite, and the Upper Reach.

c.    Settling Defendants and the EPLET Parties further covenant not to sue and hereby agree to waive any and all claims against one another arising from or related to the matters addressed in this Decree and the EPLET matter, including OU1 of the GM-IFG Subsite and the Upper Reach.

26.    **Settling Defendants' and the EPLET Parties' Reservation**. The covenants in ¶ 25 do not apply to any claim brought or order issued by the United States after the Effective Date to the extent such claim or order is within the scope of a reservation under ¶¶ 24.a through 24.h.

27.    **De Minimis/Ability to Pay Waivers**. Each Settling Defendant and EPLET Party waives all claims  (including claims under sections 107(a) and 113 of CERCLA) that it may have against any third party who enters or has entered into a *de minimis* or "ability-to-pay" settlement with EPA regarding the Site to the extent that the Settling Defendant's or EPLET Party's claims are within the scope of the matters addressed in the third party's settlement with EPA, provided, however, that this waiver does not apply if the third party asserts a claim regarding the Site against any Settling Defendant or any EPLET Party. Nothing in the Decree limits any Settling Defendant's or EPLET Party's rights under section 122(d)(2) of CERCLA to comment on any *de minimis* or ability-to-pay settlement proposed by EPA.

## XI.    EFFECT OF SETTLEMENT; CONTRIBUTION

28.    The Parties agree and this Court finds that the complaint filed by the United States in this action is a civil action within the meaning of section 113(f)(1) of CERCLA and that this Decree constitutes a judicially approved settlement under which each Settling Defendant and EPLET Party has, as of the Effective Date, resolved liability to the United States within the meaning of sub-section 113(f)(2) and 113(f)(3)(B) of CERCLA. Furthermore, each Settling Defendant and EPLET Party is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this

Decree. The "matters addressed" in this Decree are (a) for Settling Defendants, all response actions taken or to be taken and all response costs incurred or to be incurred at or in connection with the Site, OU1 of the GM-IFG Subsite, and the Upper Reach by the United States or any other person, and (b) for the EPLET Parties, all response actions taken or to be taken and all response costs incurred or to be incurred at or in connection with the Site and the Upper Reach by the United States or any other person, provided, however, that (i) "matters addressed" do not include State Costs, and (ii) if the United States brings a claim against a Settling Defendant or an EPLET Party under a reservation in ¶¶ 24.a through 24.h, the "matters addressed" do not include those response costs or response actions to the extent they are solely within the scope of the reserved claim.

29.    Each Settling Defendant and EPLET Party shall, with respect to any suit or claim brought by it for matters related to this Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant and EPLET Party shall, with respect to any suit or claim brought against it for matters related to this Decree, notify EPA and DOJ within 15 days after proper service of the complaint on such Settling Defendant or EPLET Party. In addition, each Settling Defendant and EPLET Party shall notify EPA and DOJ within 15 days after service or receipt of any motion for summary judgment and within 15 days after receipt of any order from a court setting a case for trial.

30.    **Res Judicata and Other Defenses**. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site or the Upper Reach, Settling Defendants and the EPLET Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

31.    Nothing in this Decree diminishes the right of the United States under sub-sections 113(f)(2) and (3) of CERCLA to pursue any person not a party to this Decree to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to section 113(f)(2).

## XII.    RECORDS

32.    **Settling Defendants' Certification**. Each Settling Defendant certifies individually the following: (a) that it has implemented a litigation hold on documents and electronically stored information relating to its potential liability under CERCLA regarding the Site since the filing of suit against it regarding the Site; and (b) that it has fully complied

with any EPA requests for information regarding the Site under sections 104(e) and 122(e) of CERCLA.

33. **Retention of Records and Information**

a. Each Settling Defendant shall retain and instruct its contractors and agents to retain all documents and electronically stored data ("Records") regarding the Site until 10 years after the Effective Date ("Record Retention Period").

b. Settling Defendants shall maintain Records that were originally created in an electronic format in their native format or in a reasonably accessible format and shall keep them reasonably organized. Unmarked paper printouts of electronic records maintained in accordance with this paragraph will be considered duplicates or convenience copies and need not be preserved.

c. At the end of the Record Retention Period, each Settling Defendant shall notify EPA that it has 90 days to request the Settling Defendant's Records subject to this Section. Each Settling Defendant shall retain and preserve its Records subject to this Section until 90 days after EPA's receipt of the notice. These record retention requirements apply regardless of any corporate record retention policy.

34. If requested during the Record Retention Period, each Settling Defendant shall provide to EPA the originals or copies of all Records and information required to be retained under this Section. Each Settling Defendant shall also make available to EPA, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the Site.

35. **Privileged and Protected Claims**

a. A Settling Defendant may assert that all or part of a record requested by the United States is privileged or protected as provided under federal law, in lieu of providing the record, provided Settling Defendant complies with ¶ 35.b.

b. If a Settling Defendant asserts a claim of privilege or protection, it shall provide the United States with the following information regarding such record: its title; its date; the name, title, affiliation (*e.g.*, company or firm), and address of the author, of each addressee and of each recipient; a description of the record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a record, Settling Defendant shall provide the record to the United States in redacted form to mask the privileged or protected portion only. Settling Defendant shall retain all records that it claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendant's favor.

36.    **Confidential Business Information (CBI) Claims**. A Settling Defendant may claim that all or part of a record provided to the United States under this Section is CBI to the extent permitted by and in accordance with section 104(e)(7) of CERCLA and 40 C.F.R. § 2.203(b). Such Settling Defendant shall segregate and clearly identify all records or parts thereof submitted under this Decree for which the Settling Defendant asserts a claim of CBI by labeling each page or each electronic file "claimed as confidential business information" or "claimed as CBI." Records that such Settling Defendant identifies as CBI will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of CBI accompanies records when they are submitted to EPA, or if EPA has notified the Settling Defendant that the records are not entitled to confidential treatment under the standards of section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendant.

37.    Notwithstanding any provision of this Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XIII.    NOTICES AND SUBMISSIONS

38.    All approvals, notices, requests, and other deliverables specified in this Decree must be in an electronic writing. Whenever a notice is required to be given or a deliverable is required to be sent by one Party to another Party under this Decree, it must be sent via email as specified below. All notices under this Section are effective upon receipt. There is a rebuttable presumption that emailed notices are received on the same day that they are sent. Any Party may change the person or email address applicable to it by providing notice of such change to all Parties.

| | |
|---|---|
| As to DOJ: | eescdcopy.enrd@usdoj.gov |
| | Re: DJ # 90-11-3-08348/8 |
| | |
| As to EPA: | Victoria Sacks |
| | sacks.victoria@epa.gov |
| | Re: Site/Spill ID # 024Q |
| | |
| As to Settling Defendants | |
| And EPLET Parties: | As contained in the Signature Blocks |

## XIV.    INTEGRATION

39.    This Decree constitutes the entire agreement among the Parties regarding the subject matter of the Decree, and it supersedes all prior representations, agreements, and understandings, whether oral or written, regarding the subject matter of the Decree.

## XV.    SIGNATORIES

40.    The undersigned representative of the United States, each undersigned representative of a Settling Defendant, and each undersigned representative of an EPLET Party certifies that they are fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such Party to this document.

## XVI.    PUBLIC COMMENT AND ENTRY

41.    This Decree is subject, after lodging with the Court, to a public comment period of at least 30 days under 28 C.F.R. § 50.7. The United States may modify or withdraw its consent to this Decree if comments received disclose facts or considerations that indicate that this Decree is inappropriate, improper, or inadequate.

42.    Settling Defendants and the EPLET Parties shall not oppose or appeal the entry of this Decree. If for any reason the Court should decline to approve this Decree in the form presented, this Decree, except for the previous sentence, is voidable at the sole discretion of any Party and its terms may not be used as evidence in any litigation among the Parties.

43.    Upon entry of this Decree by the Court, this Decree constitutes a final judgment under Fed. R. Civ. P. 54 and 58 among the Parties.

.

So ORDERED January 22, 2026

David N. Hurd
U.S. District Judge

Signature Page for Haulers Facility LLC Consent Decree

**FOR THE UNITED STATES**:

Adam R. F. Gustafson
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

MARK GALLAGHER   Digitally signed by MARK
                 GALLAGHER
                 Date: 2025.11.04 10:06:49 -05'00'

_____

Mark Gallagher
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section

JOHN A. SARCONE III
Acting United States Attorney
Northern District of New York


By:    _/s/ Adam J. Katz_____
       Adam J. Katz
       Assistant United States Attorney
       Bar Roll No. 517894
       James T. Foley U.S. Courthouse
       445 Broadway, Room 218
       Albany, New York 12207
       Telephone: (518) 431-0247
       Fax: (518) 431-0386
       adam.katz@usdoj.gov

Signature Page for Haulers Facility LLC Consent Decree

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:**

Pat
Evangelista

Digitally signed by Pat
Evangelista
Date: 2025.09.26 15:09:54
-04'00'

Pat Evangelista
Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency, Region II

Signature Page for Haulers Facility LLC Consent Decree

**For Revitalizing Auto Communities Environmental Response ("RACER") Trust:**

**By: EPLET, LLC, Administrative Trustee of RACER Trust**

7-30-25
Date

Elliott P. Laws, solely in his capacity as
Sole and Managing Member of EPLET, LLC
Address: 660 Woodward Avenue, Suite 1521
Detroit, MI 48226

For Notices Under Paragraph 38:

Name: Jeffrey A. Thaler
Title: Of Counsel
Company: Preti Flaherty Beliveau & Pachios, Chartered, LLP
Address: 1 City Center, Portland, ME 04101
Phone: 207-831-8185
Email: jthaler@preti.com

Signature Page for Haulers Facility LLC Consent Decree

**For EPLET, LLC:**

7-30-25
Date

Elliott P. Laws, solely in his capacity as
Sole and Managing Member
Address: 660 Woodward Avenue, Suite 1521
Detroit, MI 48226


For Notices Under Paragraph 38:

        Name: Jeffrey A. Thaler
        Title: Of Counsel
        Company: Preti Flaherty Beliveau & Pachios, Chartered, LLP
        Address: 1 City Center, Portland, ME 04101
        Phone: 207-831-8185
        Email: jthaler@preti.com

Signature Page for Haulers Facility LLC Consent Decree

**For RACER Properties LLC:**

**By: Revitalizing Auto Communities Environmental Response ("RACER") Trust, Sole Member of RACER Properties LLC**

**By: EPLET, LLC, Administrative Trustee of RACER Trust**

7-30-25
Date

Elliott P. Laws, solely in his capacity as
Sole and Managing Member of EPLET, LLC
Address: 660 Woodward Avenue, Suite 1521
Detroit, MI 48226

For Notices Under Paragraph 38:

Name: Jeffrey A. Thaler
Title: Of Counsel
Company: Preti Flaherty Beliveau & Pachios, Chartered, LLP
Address: 1 City Center, Portland, ME 04101
Phone: 207-831-8185
Email: jthaler@preti.com

Signature Page for Haulers Facility LLC Consent Decree

**FOR HAULER'S FACILITY LLC**

**July 21, 2025**

Date

DocuSigned by:

*Rocco Grosso*

00C78018336043E...

| | |
|---|---|
| Name | Rocco Grosso |
| Title | Manager |
| Address | 6223 Thompson Road, Suite 100, Syracuse, NY 13206 |

**I**f the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

| | |
|---|---|
| Agent Name: | Gregory M. Brown, Esq |
| Title: | Counsel to Hauler's Facility LLC |
| Company: | Fogel & Brown, P.C. |
| Email: | gbrown@fogelbrown.com  AND |
| | mfogel@fogelbrown.com |

For Notices Under Paragraph 38 if different from above:

| | |
|---|---|
| Name: | |
| Title: | |
| Company: | |
| Email: | |

Signature Page for Haulers Facility LLC Consent Decree

**FOR SYRACUSE HAULERS WASTE REMOVAL, INC.**

<u>July 21, 2025</u>
Date

| | |
|---|---|
| Name | Rocco Grosso |
| Title | President |
| Address | 6223 Thompson Road, Suite 100, |
| | Syracuse, NY 13206 |

**I**f the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

| | |
|---|---|
| Agent Name: | Gregory M. Brown, Esq |
| Title: | Counsel to Syracuse Haulers Waste Removal, Inc. |
| Company: | Fogel & Brown, P.C. |
| Email: | gbrown@fogelbrown.com AND |
| | mfogel@fogelbrown.com |

For Notices Under Paragraph 38 if different from above:

Name:
Title:
Company:

Email:

Signature Page for Haulers Facility LLC Consent Decree

**FOR 6259 THOMPSON ROAD LLC**

DocuSigned by:

*Rocco Grosso*

ACFEFE083B11404...

**July 29, 2025**
Date

Name       Rocco Grosso
Title        Manager
Address     6223 Thompson Road, Suite 100,
            Syracuse, NY 13206

**I**f the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:  Gregory M. Brown, Esq
Title:          Counsel to Hauler's Facility LLC
Company:    Fogel & Brown, P.C.
Email:        gbrown@fogelbrown.com  AND
              mfogel@fogelbrown.com

For Notices Under Paragraph 38 if different from above:

Name:
Title:
Company:
Email:

Signature Page for Haulers Facility LLC Consent Decree

**FOR** Lennox Industries Inc.

7/15/25
Date

Name Monica Brown
Title EVP, Chief Legal Officer
Address 2140 Lake Park Blvd
Richardson, TX 75080

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:  Charles Wehland
Title:  Partner
Company:  Jones Day
Email:  ctwehland@jonesday.com

For Notices Under Paragraph 38 if different from above:

Name:  _____
Title:  _____
Company:  _____
Email:  _____

Signature Page for Haulers Facility LLC Consent Decree

**Metalico Syracuse Realty, Inc.**

7-25-25
Date

Name    *KEVIN WHALEN*
Title    *PRESIDENT*
Address    *METALICO INC*
*135 DERMODY ST CRANFORD NJ 07016*

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph** Error! Reference source not found. **via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:    *KEVIN WHALEN*
Title:    *PRESIDENT*
Company:    *METALICO SYRACUSE REALTY INC*
Email:    *KWHALEN @ METALICO.COM*

For Notices Under Paragraph 38 if different from above:

Name:    _____
Title:    _____
Company:    _____
Email:    _____

26

Signature Page for Haulers Facility LLC Consent Decree

**Metalico New York, Inc.**

*7-25-25*
Date

Name  *KEVIN WHALEN*
Title  *PRESIDENT*
Address  *METALICO INC*
*135 DERMODY ST CRANFORD NJ 07016*

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph** Error! Reference source not found. **via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:  *KEVIN WHALEN*
Title:  *PRESIDENT*
Company:  *METALICO NEW YORK INC*
Email:  *KWHALEN @ METALICO.COM*

For Notices Under Paragraph 38 if different from above:

Name:  _____
Title:  _____
Company:  _____
Email:  _____

27

Signature Page for Haulers Facility LLC Consent Decree

**FOR** Northern Industrial Holdings, LLC
_____

7-29-25
_____
Date

_____ *Dave Paltzik* _____
Name   David Paltzik
Title   Authorized Representative
Address   7377 E. Doubletree Ranch Rd. Suite 190
Scottsdale, AZ 85258

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:  David Paltzik
Title:  Attorney
Company:  Paltzik Law, pllc
Email:  dave@paltziklaw.com

For Notices Under Paragraph 38 if different from above:

Name:  _____
Title:  _____
Company:  _____
Email:  _____

Signature Page for Haulers Facility LLC Consent Decree

**FOR: (See List on the Following Page)**

**July 25, 2025**                    _____
Date                                         Name: Robert J. Trafford
                                                Title:   Authorized Person
                                                Address: 1000 N Hwy US1 #902
                                                              Jupiter, Florida 33477

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph** Error! Reference source not found. **via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name: **Same as Signatory Above**
Title:            _____
Company:    _____
Email:          _____

For Notices Under Paragraph 38 if different from above:

Name:         _____
Title:            _____
Company:    _____
Email:          _____

**Entities On Whose Behalf Robert J. Trafford is Signing the Consent Decree**

ONX1 LLC (including ONX1-A LLC (Condo Unit A 2024); ONX1-100 LLC (Condo Unit 100 and 300 2024); ONX1-200 LLC (Condo Unit 200 2024); ONX1-400 LLC (Condo Unit 400 2024); ONX1-500 LLC (Condo Unit 500 2024); ONX1-WWTP (Condo Unit WWTP 2024); ONX1 West LLC (Subdivided parcel 11.4 2021, deeded 2022); ONX1 North LLC (Subdivided parcel 11.3 2016 but deeded 2024); and ONX1 South LLC)

Signature Page for Haulers Facility LLC Consent Decree

**FOR SYRACUSE DEERE ROAD ASSOCIATES, LLC**

**July 23, 2025**
Date

Peter T. Wall

| Name | Peter T. Wall as Authorized Signatory |
| Address | 1535 North Elston Avenue |
| | Chicago, Illinois 60642 |

**I**f the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

| Agent Name: | Gregory M. Brown, Esq |
| Title: | Counsel to Syracuse Deere Road Associates, LLC |
| Company: | Fogel & Brown, P.C. |
| Email: | gbrown@fogelbrown.com |

For Notices Under Paragraph 38 if different from above:

Name:
Title:
Company:

Email:

32

Signature Page for Haulers Facility LLC Consent Decree

**FOR** Syracuse LePage LLC

8/25/2025

*Grazi Zazzara*
0220876A83A74DE

Date

Name    Grazi Zazzara

Title    Member

Address    3719 Erie Blvd E
             Syracuse, NY 13214

**I**f the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:    Michael Fogel, Esq.

Title:    Attorney

Company:    Fogel & Brown, P.C.

Email:    mfogel@fogelbrown.com

For Notices Under Paragraph 38 if different from above:

Name:

Title:

Company:

Email:

33

Signature Page for Haulers Facility LLC Consent Decree

FOR _THOMPSON CORNERS, LLC_

1/14/25
Date

Name _D JAMES BRANG_
Title _MANAGER_
Address _7050 Cedar Bay Rd._
_Fayetteville NY 13066_

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name: _____
Title: _____
Company: _____
Email: _____

For Notices Under Paragraph 38 if different from above:

Name: _John Kolaga_
Title: _Partner_
Company: _Rupp Pfalzgraf LLC_
Email: _Kolaga@RuppPfalzgraf.com_

34

Signature Page for Haulers Facility LLC Consent Decree

FOR _THOMPSON LAWN , LLC_

_7/14/25_
Date

_D. James Brang_
Name _D. JAMES BRANG_
Title _MANAGER_
Address _7050 Cedar Bay Rd_
_Fayetteville NY 13066_

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name: _____
Title: _____
Company: _____
Email: _____

For Notices Under Paragraph 38 if different from above:

Name: _John Kolaga_
Title: _Partner_
Company: _Rupp Pfalzgraf LLC_
Email: _Kolaga @ RuppPfalzgraf. com_

35

Signature Page for Haulers Facility LLC Consent Decree

FOR *THOMPSON NW, LLC*

*7/14/25*
Date

*James Brang*

Name *D. JAMES BRANG*
Title *MANAGER*
Address *7050 Cedar Bay Rd*
*Fayetteville, NY 13066*

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name: _____
Title: _____
Company: _____
Email: _____

For Notices Under Paragraph 38 if different from above:

Name: *John Kolaga*
Title: *Partner*
Company: *Rupp Platzgraf LLC*
Email: *Kolaga@RuppPlatzgraf.com*

Signature Page for Haulers Facility LLC Consent Decree
Nokia of America Corporation
Western Electric Company Incorporated

**Nokia of America Corporation, on behalf of itself and as successor in interest to Western Electric Company Incorporated for purposes of the claims asserted by the United States and the EPLET Parties**

*Mary Beth Shah*

Date 7/24/25

Name MaryBeth Shah
Title Legal Counsel
Address 600 mountain Ave.
Murray Hill, NJ 07974

**Nokia of America Corporation, on behalf of itself and as successor in interest to Western Electric Company Incorporated for purposes of the claims asserted by the United States and the EPLET Parties**

Date 7/24/25

Name Todd G__ T__N
Title V.P.
Address 5201 ___ Blvd ___ TX 75024

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph** Error! Reference source not found. **via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name: Meaghan Boyd, Esq.
Title:         Partner and Outside Counsel for Nokia of America Corporation
Company:   Alston & Bird, LLP
Email:       meaghan.boyd@alston.com

For Notices Under Paragraph 38, if different from above: N/A; Notices under Paragraph 38 should be addressed to Meaghan Boyd at the address above.

Signature Page for Haulers Facility LLC Consent Decree

**FOR Verizon New York Inc.**

July 29, 2025
Date

Name: Dan Tepstein
Title: Vice President & Deputy General Counsel
Address: 1095 Avenue of the Americas
New York, NY 10036

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name: Philip H. Gitlen
Title:        Attorney for Verizon New York Inc.
Company:   Whiteman Osterman & Hanna LLP
Email:      pgitlen@woh.com

For Notices Under Paragraph 38 if different from above:

Name:
Title:
Company:
Email:

38

Signature Page for Haulers Facility LLC Consent Decree

**For B&B Family Limited Partnership:**

9-11-25
Date

X _Jeffrey H. Booker_
Name _Jeffrey H. Booker_
Title _General Partner_
Address _4800 Solvay Road_
_Jamesville, NY 13078_

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent(s) below to receive service of the complaint, the Rule 4 waiver of service form, and notices under Paragraph 38 via email. This Settling Defendant agrees to execute the waiver of service with a valid digital signature and to transmit it via return email or, if it executes the waiver of service form with a wet ink signature, to send the completed form via First Class Mail at its own expense to USDOJ, Washington, D.C. 20044-7611, Ref. No. 90-11-3-08348/8.** This Settling Defendant understands that: (i) it does not need to file an answer to the complaint until after it has executed the waiver of service or otherwise has been served with the complaint; and (ii) the time within which it must file its answer is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, or as ordered by the Court.

Agent Name:  Joseph Talarico
Title:          Principal
Company:   Talarico Law Firm
Email:        jrt@talaricolawfirm.net

For Notices Under Paragraph 38 if different from above:

Name:
Title:
Company:
Email:

**APPENDIX A**
**TO HAULERS FACILITY LLC CONSENT DECREE**

| Settling Defendant Name |
| --- |
| Hauler's Facility LLC, Syracuse Haulers Waste Removal, Inc., and 6259 Thompson Road LLC |
| Lennox Industries, Inc. |
| Metalico New York, Inc. and Metalico Syracuse Realty, Inc. |
| Northern Industrial Holdings, LLC |
| ONX1 LLC (including ONX1-A LLC (Condo Unit A 2024); ONX1-100 LLC (Condo Unit 100 and 300 2024); ONX1-200 LLC (Condo Unit 200 2024); ONX1-400 LLC (Condo Unit 400 2024); ONX1-500 LLC (Condo Unit 500 2024); ONX1-WWTP (Condo Unit WWTP 2024); ONX1 West LLC (Subdivided parcel 11.4 2021, deeded 2022); ONX1 North LLC (Subdivided parcel 11.3 2016 but deeded 2024); and ONX1 South LLC) |
| Syracuse Deere Road Associates, LLC |
| Syracuse Lepage LLC |
| Thompson Corners LLC, Thompson Lawn LLC, & Thompson NW LLC |
| Nokia of America Corporation and Western Electric Company, Inc. |
| Verizon New York, Inc. |
| B&B Family Limited Partnership |

**APPENDIX B**
**TO HAULERS FACILITY LLC CONSENT DECREE**

**LUMP SUM PAYMENT AMOUNTS**

| Settling Defendant Name | Payment Amount |
|---|---|
| Hauler's Facility LLC, Syracuse Haulers Waste Removal, Inc., and 6259 Thompson Road LLC | $256,250 |
| Lennox Industries, Inc. | $210,333 |
| Metalico New York, Inc. and Metalico Syracuse Realty, Inc | $268,333 |
| ONX1 LLC | $316,666 |
| Syracuse Deere Road Associates, LLC | $147,500 |
| Syracuse Lepage LLC | $220,000 |
| Thompson Corners LLC, Thompson Lawn LLC, & Thompson NW LLC | $147,500 |
| Nokia of America Corporation and Western Electric Company, Inc. | $171,667 |
| Verizon New York, Inc. | $171,667 |
| B&B Family Limited Partnership | $161,000 |

**APPENDIX C: INSTALLMENT PAYMENT SCHEDULE
TO HAULERS FACILITY LLC CONSENT DECREE**

Annual Rate     4.40%     Quarterly Rate     **1.10%**

| Party | Principal | Estimated Days From Lodging to Entry + 30 days | Estimated Interest Added to First Payment | Number of Installment Payments | Amount of Each Installment Payment |
|---|---|---|---|---|---|
| Northern Industrial Holdings | $100,000 | 70 | $844 | 8 | $12,983.82 |